[No. 17274.    Department Two.    October 13, 1922.]

AERO ALARM COMPANY, *Respondent*, v. W. B. HUTCHINSON INVESTMENT COMPANY, *Appellant*.[1]

CONTRACTS (86)—CONSTRUCTION—SUBJECT-MATTER—BUILDING IN GENERAL. Under a contract for the installation of a fire alarm system in a building, the contractor undertaking to maintain the same and pay the cost of all changes made necessary by alterations to the building requirements of the underwriters, the contractor is not liable for costs of alterations in the building made for the benefit of a tenant, and not by reason of any requirements of the underwriters.

Appeal from a judgment of the superior court for King county, Simpson, J., entered September 23, 1921, upon findings in favor of the plaintiff, in an action on contract. Reversed.

*A. H. Hutchinson,* for appellant.

*Shank, Belt & Fairbrook,* for respondent.

[1]Reported in 209 Pac. 846.

MAIN, J.—This action was brought to recover for certain material and labor, and as originally instituted the W. B. Hutchinson Investment Company, a corporation, was the sole defendant. After that company appeared, it moved that A. Shemanski and the Eastern Outfitting Company be made additional parties defendant. This motion was sustained, and the parties mentioned were brought in. The cause was tried to the court without a jury, and resulted in a judgment of dismissal as to Shemanski and the Eastern Outfitting Company, and a judgment against the W. B. Hutchinson Investment Company in the sum of $385.59. From this judgment, the investment company appeals.

The appellant was the owner of a building known as the Estabrook Building, at the southeast corner of Second avenue and Union street in the city of Seattle, which was occupied by a number of tenants. On August 10, 1917, the Aero Alarm Company contracted with the appellant to install in its building a fire signal system. In installing this system, tubing was placed along certain of the walls and partitions in the building, which was connected with a delicate instrument which would give an alarm in case of fire. At the time this contract was made and the system installed, A. Shemanski had a lease to a portion of the building which was occupied by the Eastern Outfitting Company. On June 30, 1920, the Eastern Outfitting Company desired to make certain repairs and alterations in the space occupied by it, and a request for this purpose was made to the appellant, the lessor, and a written consent given providing that such alterations did not interfere with the rights of any other tenant. The Eastern Outfitting Company thereupon entered upon the alterations, which involved the changing or removal of certain partitions. Upon the partitions in-

volved, had been placed certain tubing when the alarm system was installed. While the work was in progress, an inspector of the respondent visited the premises and caused the tubing to be removed from the walls, and after the alterations had been made it was re-installed at an expense for material and labor in the amount of the judgment recovered in the superior court.

The complaint is based upon the written contract between the respondent and appellant, calling for the installation of the system. This contract provided that the installing company, the respondent, shall maintain and operate the same or cause it to be operated during the term covered by the contract "in accordance with the rules of the underwriters having jurisdiction." It also provided that the subscriber, the appellant, shall pay the installing company the cost of all changes in the apparatus and equipment made necessary,

"By alterations to the building requirements of the underwriters, and should the premises be enlarged the subscriber agrees to pay upon completion of same in the same proportion for such additional equipment as the first payment under this contract bears to the proportion of the equipment installed, with the same proportionate additional rental."

Under these provisions, the respondent was required to maintain and operate the equipment in accordance with the rules of the underwriters having jurisdiction, and the appellant was required to pay the cost of all changes in the equipment made necessary by alterations to the building requirements by the underwriters and, also, if the building was enlarged, a proportionate additional sum to that specified as rental. In this case the alterations were made for the benefit of one of the tenants, and not by reason of any requirement of the underwriters. The changes in the partitions did not

result in an enlargement of the building and, therefore, do not come within that provision of the contract. To hold that the appellant was liable for re-installing the equipment by reason of the removal of the partitions for the benefit of the Eastern Outfitting Company would be to insert in the contract a provision which the parties thereto had not covered in the instrument signed by them, and upon which the action is founded. The appellant had no knowledge that the equipment was being changed by reason of the alterations in the portion of the building occupied by the Eastern Outfitting Company, and did not consent thereto.

As we view the case, there is no sound legal theory upon which the respondent is entitled to a judgment against the appellant, and the judgment will, therefore, be reversed and the cause remanded with directions to the superior court to dismiss the action.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.